**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **ADA I. EWO,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **CIVIL ACTION** |
| **CITIFINANCIAL MORTGAGE,** | ) | **FILE NO. ________________** |
| **Defendant.** | ) | |

# NOTICE OF REMOVAL

COMES NOW Defendant CitiMortgage, Inc., successor to CitiFinancial Mortgage Company, Inc. ("CitiMortgage"), appearing specially and without waiving the defenses of insufficient process, insufficient service of process, lack of personal jurisdiction and any other defenses available under state and/or federal law, and pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446, hereby gives notice of the removal of this action from the Superior Court of DeKalb County, Georgia, to the United States District Court for the Northern District of Georgia. As grounds for this removal, CitiMortgage respectfully shows the Court as follows:

## I. INTRODUCTION

This case is properly removable because federal question jurisdiction and diversity of citizenship jurisdiction exist. Plaintiff Ada I. Ewo ("Plaintiff") asserts claims against CitiMortgage for alleged violations of a federal statute, the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. (the "FDCPA"). (See generally Complaint). This Court has original jurisdiction over Plaintiff's claims for alleged violations of the FDCPA because they arise under federal law. Additionally, this Court can exercise supplemental jurisdiction over Plaintiff's state law claims in this action because these claims are "so related to claims in the action within [this Court's] original jurisdiction" that they form part of the same case or controversy. Further, this action is between citizens of different states and the amount in controversy exceeds $75,000.00. Thus, this Court can properly exercise jurisdiction over this action in its entirety.

## II. PROCEDURAL HISTORY AND REQUIREMENTS

Plaintiff commenced this action on or about February 17, 2012 by filing a Complaint against CitiMortgage in the Superior Court of DeKalb County, Georgia, Civil Action No. 12CV2765-5. CitiMortgage has not been properly served in this action.[1] In his Complaint, Plaintiff asserts claims against CitiMortgage for negligence, unjust enrichment, theft by taking, alleged violations of the duty of good faith and fair dealing,

---

[1] CitiMortgage received a copy of the Complaint from its foreclosure counsel.

fraud in the inducement, unfair trade practices, declaratory judgment, injunctive relief, and alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. (the "FDCPA") arising out of CitiMortgage's scheduled foreclosure of Plaintiff's residential mortgage loan which is secured by the real property located at 6138 Raintree Bend, Lithonia, Georgia 30058 (the "Property"). (See generally Complaint).

Plaintiff obtained the subject loan on or about November 19, 2004 from American Equity Mortgage, Inc. ("AEM") in the original principal amount of $111,350.00 (the "Loan"). In connection with the Loan, Plaintiff executed a Security Deed in favor of MERS, as nominee for AEM and its successors and assigns, dated November 19, 2004 and recorded on December 17, 2004 at Deed Book 16917, Page 337 of the DeKalb County, Georgia real estate records (the "Security Deed"), wherein Plaintiff granted MERS and its successors and assigns a first priority security interest in the Property to secure Plaintiff's Loan. A true and correct copy of Plaintiff's Security Deed is attached hereto as Exhibit C. Plaintiff's Loan, including without limitation the Security Deed, was assigned to CitiFinancial Mortgage Company, Inc. ("CitiFinancial Mortgage") as evidenced by an Assignment of Mortgage dated September 30, 2005 and recorded on October 17, 2005 at Deed Book 18010, Page 399 of the DeKalb County, Georgia real property records (the "Assignment"). A true and correct copy of the Assignment is attached hereto as Exhibit D. CitiMortgage acquired CitiFinancial Mortgage by merger,

and thus acquired all of CitiFinancial Mortgage's interest in and to the Loan, including without limitation the Note and the Security Deed. Plaintiff defaulted on the Loan and CitiMortgage retained foreclosure counsel to pursue foreclosure of the Property. In connection with Plaintiff's default, CitiMortgage and/or its foreclosure counsel mailed several letters to Plaintiff discussing his default, the amount owed on the loan, the acceleration of the debt, and the possibility of foreclosure. Redacted copies of letters sent to Plaintiff are attached hereto as Exhibit E. As of January 2011, Plaintiff owed a total amount of $138,917.05 in connection with the Loan. (See Exhibit E).

In the Complaint, Plaintiff alleges that CitiMortgage is not entitled to foreclose because "Citi Financial Mortgage, N.A. [sic] illegally decoupled (separated) ownership of a note." (Complaint, Cause of Action). Plaintiff explains that "[a]t the very base of [his] claim is the intent to defraud and extort the property of the plaintiff." (Complaint, ¶ 8). Plaintiff further explains that "Defendant is participating in a fraud upon the court as it does not own the alleged promissory note exclusively and has no power to sell the alleged security or hypothecate the alleged security." (Complaint, ¶ 29). Plaintiff further admits that he has stopped paying his Loan payments, and that instead he "is currently placing payments meant to service the loan contracts into a bank account until this matter is resolved." (Complaint, Cause of Action). Plaintiff states that his "claims are also in violation of the Fair Debt Collections Practices Act," quoting 15 U.S.C. § 1692, and

alleges that "Defendant, acting as an unlicensed debt collector in violation of the Consumer Collection Practices Act, has asserted the rights of third-party mortgages without taking recorded assignments."[2] (Complaint, ¶¶ 9, 37). In his Complaint, it appears that Plaintiff seeks compensatory damages in excess of $60,000 (at least $15,000 as damages for the alleged violation of good faith and fair dealing, at least $15,000 as damages for the alleged fraud, at least $15,000 as damages for the alleged "unfair trade practices," and at least $15,000 as part of his claim for declaratory relief, and Plaintiff asks the Court to award damages "on all counts"), and "incident costs" based on this alleged foreclosure dispute, in addition to statutory damages under the FDCPA. (See generally Complaint). Additionally, Plaintiff seeks to permanently enjoin foreclosure of the Property and seeks a declaratory judgment as to whether CitiMortgage has standing to foreclose. (See id.)

This Notice of Removal is being filed, pursuant to 28 U.S.C. § 1446, within thirty (30) days from the date this action first became removable. Written notice of the filing of this Notice of Removal has been served upon Plaintiff, and a copy of this Notice of

[2] Plaintiff also cites to and relies on various other federal authorities throughout his Complaint, including without limitation, "the Federal Constitution [and] the Bill of Rights," "Title 18 Part I Chapter 47 §§ [1001-02, 1004-05]," and rulings by federal courts. (See generally Complaint). Plaintiff further states that he has retained "his right to a federal forum even where the state court of its own record renders a decision on the federal question . . . " (Id.).

Removal, along with CitiMortgage's Notice of Filing Notice of Removal, will be filed promptly with the Clerk of the Superior Court of DeKalb County, Georgia. (See Exhibit "A" attached hereto). The United States District Court for the Northern District of Georgia, Atlanta Division, is the district and division embracing the Court where this action is currently pending. True and correct copies of all process, pleadings and orders that CitiMortgage has received in connection with this action are attached hereto as Exhibit "B."

## III. FEDERAL QUESTION JURISDICTION

This action is properly removable because the Court has original subject matter jurisdiction over Plaintiff's claims arising under federal law. The federal removal statutes expressly provide that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The removal statutes further provide that "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the . . . laws of the United States shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C. § 1441(b). District Courts shall have original jurisdiction of all civil actions asserting claims or protecting rights that arise under federal law. 28 U.S.C. § 1331.

In this case, Plaintiff asserts claims and seeks relief under the FDCPA, a federal statute. Plaintiff also cites and relies on other various federal authorities in the Complaint. Because Plaintiff's claims for alleged violations of the FDCPA and other federal authorities raise federal questions and arise under federal laws, this Court clearly has original jurisdiction over these claims pursuant to 28 U.S.C. § 1331, and this Court can properly exercise jurisdiction over these claims. Moreover, as discussed below, because Plaintiff's state law claims arise out of the same case or controversy as Plaintiff's claims arising under federal laws, this Court can properly exercise jurisdiction over this action in its entirety.

## IV. SUPPLEMENTAL JURISDICTION

This Court can exercise supplemental jurisdiction over Plaintiff's state law claims because these claims form part of the same case or controversy as Plaintiff's claims for alleged violations of the FDCPA. The supplemental jurisdiction statute, 28 U.S.C. § 1367(a), provides in pertinent part as follows:

> [I]n any civil action of which the district courts have original jurisdiction, the district court shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . .

In the instant case, Plaintiff's state law claims (which include claims for negligence, unjust enrichment, "theft by taking," violations of the duty of good faith and fair dealing, and fraud in the inducement), arise out of the same residential mortgage

loan, and the scheduled foreclosure thereof, that gave rise to Plaintiff's claims for alleged violations of the FDCPA. (See generally Complaint). Thus, it is clear that Plaintiff's state law claims in this case are "so related to claims in the action within [this Court's] original jurisdiction" that they form part of the same case or controversy, and as such fall squarely within this Court's supplemental jurisdiction as provided under 28 U.S.C. § 1367(a); see also 28 U.S.C. § 1441(c) ("[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein . . .").

Moreover, this Court should exercise supplemental jurisdiction over Plaintiff's state law claims in this action in order to avoid an unnecessary duplication of judicial resources. See Bensman v. CitiCorp Trust, N.A., 354 F. Supp. 2d 1330, 1333-34 (S.D. Fla. 2005) (citing In re City of Mobile, 75 F.3d 605, 607 (11th Cir. 1996)). Plaintiff's state law claims do not raise novel or complex issues of state law, do not predominate over Plaintiff's claims arising under federal law, and arise from the same transaction or occurrence (i.e., the subject residential mortgage loan and the scheduled foreclosure thereof) as Plaintiff's federal claims. See id. (citing 28 U.S.C. § 1367(c)). It is therefore proper for this Court to exercise jurisdiction over all claims asserted in this action.

## V. DIVERSITY JURISDICTION

This action is properly removable pursuant to 28 U.S.C. § 1441(a), which provides in pertinent part as follows:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

The Superior Court of DeKalb County, Georgia is a state court within this judicial district and division. Further, this Court has original jurisdiction of this action under 28 U.S.C. § 1332, which provides federal district courts with original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, and where the action is between citizens of different states. 28 U.S.C. § 1332(a)(1).

### A. Diversity of Citizenship of the Parties.

Complete diversity of citizenship exists between Plaintiff and CitiMortgage. Plaintiff is a citizen of Georgia, residing at the Property. (See generally Complaint). For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of the state by which it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Since the filing of the Complaint, CitiMortgage has been and continues to be a New York corporation with its principal place of business in O'Fallon, Missouri. Because Plaintiff is a citizen of Georgia and CitiMortgage is a citizen of New

York and Missouri, there can be no question that complete diversity of citizenship exists between Plaintiff and CitiMortgage.

**B.     Amount In Controversy.**

Diversity jurisdiction is also proper because it is apparent from Plaintiff's Complaint that the amount in controversy exceeds the $75,000 jurisdictional threshold, exclusive of interest and costs. The Eleventh Circuit has held that "when the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." Williams v. Best Buy, Co., 269 F.3d 1316, 1319 (11th Cir. 2001) ("If the amount in controversy is not facially apparent from the complaint, the court looks to the notice of removal and any evidence submitted by the parties"); Standridge v. Wal-Mart Stores, Inc., 945 F. Supp. 252, 256 (N.D. Ga. 1996) (holding that where a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove that the amount in controversy "more likely than not" exceeds the statutory amount).

This Court and the Eleventh Circuit Court of Appeals also have held that "[w]hen a plaintiff seeks injunctive or declaratory relief, the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective." See Owners Ins. Co. v. James, 295 F. Supp. 1354, 1358 (N.D. Ga. 2003) (citing Federated Mut. Ins. Co. v.

McKinnon Motors, LLC, 329 F.3d 805, 807 (11th Cir. 2003)). See also Morrison v. Allstate Indemn. Co., 228 F.3d 1255, 1268 (11th Cir. 2000) (citing Ericsson GE Mobile Communications, Inc. v. Motorola Communications & Electronics, Inc., 120 F.3d 216, 218-20 (11th Cir. 1997)). "In other words, the value of the requested injunctive relief is the monetary value of the benefit that would flow to the plaintiff if the injunction were granted." Morrison, 228 F.3d at 1268 (citing Cohen v. Office Depot, Inc., 204 F.3d 1069, 1076) (11th Cir. 2000)). See also Roper v. Saxon Mortgage Servs., Inc., No. 1:09-CV0312-RWS, 2009 U.S. Dist. LEXIS 37794, *5 (N.D. Ga. May 5, 2009) (noting that "[a]s Plaintiff seeks injunctive relief barring the foreclosure on the property at issue, the value of the property determines the financial value at stake. Plaintiff has not demonstrated that the value of an injunctive relief barring a foreclosure action should not be determined by the value of the property at issue.").

In the case at bar, it is facially apparent from Plaintiff's Complaint that the amount in controversy in this action "more likely than not" exceeds the $75,000 statutory minimum. First, Plaintiff seeks to permanently enjoin CitiMortgage from foreclosing on a mortgage loan that, as of January 25, 2011, had a total payoff amount of $138,917.05. (See Complaint, Count I and ¶ 29). Plaintiff also asks the Court to prohibit "the DeKalb County Courthouse from assisting in the attempted dispossession of real property from Plaintiff," and to declare that the "Defendant does not have legal interest it now claims to

collect mortgage proceeds or foreclose on mortgages or collect rent or act like a landlord and modify any contract" under the Security Deed evidencing his obligation to repay the $111,350 loan evidenced by the Note and Security Deed. (See generally Complaint). In other words, Plaintiff seeks to prevent CitiMortgage from exercising its right to foreclose, and further asks the Court to remove CitiMortgage's lien on the property and to provide Plaintiff clear title to the Property, immune from any foreclosure attempts. Further, the object of Plaintiff's declaratory judgment claim is CitiMortgage's right to foreclose on property securing a $111,350 mortgage loan which had a total payoff amount of $138,917.05 as of January 2011. Plaintiff also seeks to obtain clear title to the Property by invalidating and/or removing CitiMortgage's lien from the Property, and permanently enjoining CitiMortgage from foreclosing on the Property. The DeKalb County Tax Commissioner has estimated the current value of the Property as $85,800.00. Redacted copies of printouts available from the DeKalb County Tax Assessor's website are attached hereto as Exhibit F. Thus, it is clear that "the monetary value of the benefit that would flow to plaintiff" if the declaratory and/or injunctive relief sought were granted "more likely than not" exceeds the $75,000 jurisdictional threshold.

Even if the $75,000 jurisdictional threshold were not independently satisfied by Plaintiff's requested foreclosure injunction and/or their request to avoid their payment obligations under the mortgage loan, Plaintiff also seeks to recover an unspecified

amount of statutory damages under the FDCPA, plus compensatory damages in excess of $60,000, and litigation costs from CitiMortgage, based on his claims sounding in contract and tort. (See generally Complaint and Prayer for Relief). It is well established that attorney's fees and punitive damages may be included in determining the amount in controversy. See Blank v. Preventive Health Programs, Inc., 504 F. Supp. 416, 421 (S.D. Ga. 1980); Vacca v. Meetze, 499 F. Supp. 1089, 1091 (S.D. Ga. 1980). When these additional amounts are also considered, there is no question that the amount in controversy requirement is satisfied in the present action.

## VI. CONCLUSION

WHEREFORE, for the reasons set forth above, CitiMortgage respectfully requests that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the Superior Court of DeKalb County, Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division. CitiMortgage further prays that this Court proceed with the handling of this case as if it had been originally filed herein, and that further proceedings in the Superior Court of Fulton County, Georgia, be hereby stayed.

Respectfully submitted this 16th day of March, 2012.

s/ Ashby L. Kent
John O'Shea Sullivan
Georgia Bar No. 691305

shea.sullivan@burr.com
Ashby L. Kent
Georgia Bar No. 415105
akent@burr.com
Amanda E. Wilson
Georgia Bar No. 165135
awilson@burr.com
Attorneys for CitiMortgage, Inc.

BURR & FORMAN LLP
171 Seventeenth Street, Suite 1100
Atlanta, Georgia 30363
Telephone: (404) 815-3000
Facsimile: (404) 817-3244

## CERTIFICATION OF COUNSEL

I hereby certify that the foregoing **NOTICE OF REMOVAL** has been prepared with Times New Roman, 14 point font, one of the font and point selections approved by the Court in LR 5.1.

s/ Ashby L. Kent
Ashby L. Kent
Georgia Bar No. 415105
akent@burr.com

BURR & FORMAN LLP
171 Seventeenth Street, N.W., Suite 1100
Atlanta, Georgia 30363
Telephone: (404) 815-3000
Facsimile: (404) 817-3244

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **NOTICE OF REMOVAL** has been served on the following by directing same to the following address through first-class, United States mail, postage prepaid, on this the 16th day of March, 2012:

Ada I. Ewo
6138 Raintree Bend
Lithonia, Georgia 30058
*Plaintiff Pro Se*

s/ Ashby L. Kent
Ashby L. Kent
Georgia Bar No. 415105
akent@burr.com

BURR & FORMAN LLP
171 Seventeenth Street, N.W., Suite 1100
Atlanta, Georgia 30363
Telephone: (404) 815-3000
Facsimile: (404) 817-3244